**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1389**

SUSAN C. MUELLER,

            Plaintiff – Appellant,

        v.

SPECIALIZED LOAN SERVICING, LLC, individually and as
servicing agent for HSBC Bank USA, National Association, as
trustee for the holders of the Deutsche Alt-A Securities,
Inc. Mortgage Loan Trust, Mortgage Pass-Through
Certificates Series 2007-0A4 c/o BAC, M/C: CA6-914-01-43,

            Defendant – Appellee,

        and

BANK OF AMERICA, N.A.,

            Defendant.

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville.   Norman K. Moon,
Senior District Judge.   (3:15-cv-00022-NKM-JCH)

Submitted: September 30, 2016      Decided: October 18, 2016

Before TRAXLER and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Susan C. Mueller, Appellant Pro Se.  Jason E. Manning, S. Mohsin Reza, TROUTMAN SANDERS, LLP, Virginia Beach, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Susan C. Mueller appeals from the district court's order granting Specialized Loan Servicing's ("SLS") motion to dismiss for failure to state a claim. Finding that we lack jurisdiction over this appeal, we dismiss.

An order dismissing a complaint without prejudice is not an appealable final order if "the plaintiff could save [her] action by merely amending [her] complaint." Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066–67 (4th Cir. 1993). In Domino Sugar, we held that if "the grounds of the dismissal make clear that no amendment could cure the defects in the plaintiff's case, the order dismissing the complaint is final in fact" and therefore appealable. Id. at 1066 (quoting Coniston Corp. v. Vill. of Hoffman Estates, 844 F.2d 461, 463 (7th Cir. 1988)). Where a district court grants a motion to dismiss for failure to plead sufficient facts in the complaint without prejudice, this court lacks appellate jurisdiction because the plaintiff could amend the complaint to cure the pleading deficiency. Goode v. Cent. VA Legal Aid Soc'y, 807 F.3d 619, 624 (4th Cir. 2015).

Here, it is somewhat unclear whether the claims against SLS were dismissed with or without prejudice. In general, absent a contrary intention, a dismissal for failure to state a claim is with prejudice. See Federated Dep't Stores, Inc. v. Moitie, 452

3

U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits."); Carter v. Norfolk Cmty. Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice."). While the district court did not explicitly state whether the claims against SLS were with or without prejudice, the fact that the court did state that the contract claim (against another Defendant) was dismissed with prejudice tends to show that the other claims were dismissed differently. In addition, on appeal, Mueller asserts that her claims against SLS should have been dismissed without prejudice, and SLS contends that the claims were, in fact, dismissed without prejudice. Moreover, the district court's order makes clear that more detailed allegations of fraud or intentional infliction of emotional distress could potentially state a claim.

Accordingly, we construe the dismissal of the claims against SLS to be without prejudice. As such, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

4